IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSE CLARK                                                                               PLAINTIFF

vs.                                        Civil No. 1:18-cv-01044

NANCY A. BERRYHILL                                              DEFENDANT
Acting Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Jesse Clark ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB application on December 16, 2015. (Tr. 18). In this application, Plaintiff alleges being disabled due to residuals of a crushed leg in 2005, left knee replacement in 2008, right leg joint pain, degeneration of lumbar and cervical back, nerve damage in his neck, uncontrolled hypertension, high cholesterol, sleep apnea, grain pain, and bipolar disorder and depression. (Tr. 188). Plaintiff alleges an onset date of August 27, 2015. (Tr. 18). This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

application was denied initially and again upon reconsideration. (Tr. 71-95).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 31-70, 105-106). Plaintiff's administrative hearing was held on August 8, 2017 in Alexandria, Louisiana. (Tr. 31-70). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Thomas Bode testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-three (43) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 34). Plaintiff also testified he had completed high school. (Tr. 34, 37).

Thereafter, the ALJ entered an unfavorable disability determination on November 6, 2017. (Tr. 15-30). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from August 27, 2015 (his alleged onset date) through November 9, 2017 (ALJ's decision date). (Tr. 26, Finding 11). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, hypertension, residuals of bilateral carpal tunnel syndrome, status post bilateral releases, residuals of left knee replacement and crushed left leg repair, obesity, and depression. (Tr. 20, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 22-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and largely discounted them. *Id.* Second, the ALJ found Plaintiff retained the

2

following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no constant but frequently handling and fingering and only occasional interaction with others.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 24-25, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following two occupations: (1) final assembler (sedentary, unskilled) with 53,459 such jobs in the national economy and (2) lens inserter (sedentary, unskilled) with 83,423 such jobs in the national economy. (Tr. 25-26, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from August 27, 2015 (alleged onset date) through November 9, 2017 (ALJ's decision date). (Tr. 26, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On May 23, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On July 19, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 27, 2018. ECF No. 8. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff raises one claim: the ALJ erred in his RFC determination. ECF No. 15 at 1-11. Upon review, the Court finds the ALJ's evaluation of Plaintiff's RFC and assessment of his subjective complaints is not supported by substantial evidence in the record. As such, the Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board,

5

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the

---

etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

ALJ based his credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by his medical records. (Tr. 22-24). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by his objective medical records and stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision.

(Tr. 23). Indeed, although the ALJ references "other evidence," he does not provide in the opinion what "other evidence" he relied upon.

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE