IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSE CLARK                                                    PLAINTIFF

vs.                              Civil No. 1:18-cv-01044

NANCY A. BERRYHILL                                            DEFENDANT
Acting Commissioner, Social Security Administration

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal

Access to Justice Act ("EAJA").  ECF No. 19.  Defendant responded to this Motion and raised no

objections to this Motion.  ECF No. 20.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.

Pursuant to this authority, the Court issues this Order.

1.      **Background:**

On July 19, 2018, Jesse Clark ("Plaintiff") appealed to the Court from the Secretary of the

Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.

On March 19, 2019, Plaintiff's case was reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g).  ECF Nos. 17-18.

On June 14, 2019, Plaintiff filed this Motion.  ECF No. 19.  With this Motion, Plaintiff

requests an award of $3,418.84.  *Id.*  This includes 2.15 paralegal hours at an hourly rate of $75.00

and 16.45 attorney hours at an hourly rate of $198.03 for work performed during 2018 and 2019.

*Id.*  Defendant has no objections to Plaintiff's Motion or his requested hours.  ECF No. 20.

2.      **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. §

2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF Nos. 17-18.  Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA.  ECF No. 20.  The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,418.84.  ECF No. 19.  This includes 2.15 paralegal hours at an hourly rate of $75.00 and 16.45 attorney hours at an hourly rate of $198.03 for work performed during 2018 and 2019.  *Id.*  This attorney hourly rate is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, the Court finds the CPI-South Index authorizes $195.00 for 2018 and $199.00 for 2019.  Thus, the Court awards those hourly rates.

Plaintiff also requests 16.45 attorney hours for work performed in 2018 and 2019.  ECF No. 19.  Defendant has no objections to those requested hours.  ECF No. 20.  Further, Plaintiff has requested 2.15 paralegal hours at an hourly rate of $75.00.  *Id.*  Defendant also does not have any

objection to those requested hours or that requested rate.  ECF No. 20.  Thus, the Court likewise awards those requested hours at that requested rate.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010).  ECF No. 20.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See id.* 130 S.Ct. at 2528.  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.    **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,373.60** pursuant to the EAJA, 28 U.S.C. § 2412.  This includes 15.3 attorney hours from 2018 at an hourly rate of $195.00, 1.15 attorney hours from 2019 at an hourly rate of $199.00, and 2.15 attorney hours at an hourly rate of $75.00.

**ENTERED this 2nd day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE